1 | Keith G. Bremer, State Bar No. 155920
kbremer@bremerandwhyte.com
2 | Alison K. Hurley, State Bar No. 234042
ahurley@bremerandwhyte.com
3 | BREMER WHYTE BROWN & O'MEARA LLP
2116 Allston Way, Suite One
4 | Berkeley, California 94704
Telephone: 510-540-4881
5
6 | Adam J. Levitt
55 West Monroe Street, Suite 1111
7 | Chicago, Illinois 60603
Telephone: (312) 984-0000
8 | Thomas C. Jones
DAVIS BETHUNE & JONES, LLC
9 | 1100 Main Street, Suite 2930
Kansas City, Missouri 64105
10 | Telephone: (816) 421-1600

11 | Attorneys for Plaintiffs Vincent Perrone, Charles
Johnson, James Denning, Zane Dery, Richard
12 | Douglas, Melia Douglas, Thomas Bell, and Michael
Antramgarza
13

E-filing

*FILED AUG - 3 2011 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

14 | **UNITED STATES DISTRICT COURT**

15 | **NORTHERN DISTRICT OF CALIFORNIA**

16 | **SAN FRANCISCO DIVISION**

HRL

17 | VINCENT PERRONE, CHARLES
JOHNSON, JAMES DENNING, ZANE     CV No. 11 3832
18 | DERY, RICHARD DOUGLAS, MELIA
DOUGLAS, THOMAS BELL, and     CLASS ACTION
19 | MICHAEL ANTRAMGARZA, on behalf
of themselves and all others similarly     **COMPLAINT**
20 | situated,
    DEMAND FOR JURY TRIAL
21 |        Plaintiffs,

22 |        v.

23 | FORD MOTOR COMPANY, a Delaware
corporation, and DOES 1 through 10,
24 | inclusive,

25 |        Defendant.

26

27 |     Plaintiffs Vincent Perrone, Charles Johnson, James Denning Zane Dery,

28 | Richard Douglas, Melia Douglas, Thomas Bell, and Michael Antramgarza

---

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1   (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated,

2   by their undersigned counsel, bring this Class Action Complaint against Defendant

3   Ford Motor Company ("Ford") and unknown Defendants DOES 1 through 10, and

4   allege as follows:

5   <u>**NATURE OF THE CASE**</u>

6       1.      The rear tailgate of the 2002 through 2005 models of the Ford Explorer

7   and Mercury Mountaineer, and the 2003 through 2005 models of the Lincoln Aviator

8   (the "Class Vehicles"), suffer from a defect. The defect causes the rear tailgate to

9   crack, which results in a safety risk and diminution of value of the vehicles.

10      2.      The vehicles are all manufactured by Ford.

11      3.      As a result of Ford's faulty manufacturing and design, the members of

12  the proposed class have suffered damages. Plaintiffs seek relief on their own behalf

13  and on behalf of the other members of each of the below-defined classes for

14  compensatory and consequential damages, statutory, punitive, or exemplary

15  damages, and injunctive relief arising from Ford's conduct.

16  <u>**JURISDICTION AND VENUE**</u>

17      4.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(d),

18  because at least one class member is of diverse citizenship from one Defendant, there

19  are more than 100 class members, the aggregate amount in controversy exceeds

20  $5,000,000.00, and minimal diversity exists.

21      5.      This Court has personal jurisdiction over Ford because Ford has

22  purposefully availed itself of the privilege of conducting business activities in the

23  State of California by manufacturing, warranting, advertising, and selling its vehicles

24  within the State of California. Additionally, Ford has maintained systematic and

25  continuous business contacts with the State of California.

26      6.      Venue is proper in this district under 28 U.S.C. § 1391 because a

27  substantial part of the events or omissions giving rise to the claims occurred and/or

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1 | emanated from this district, and because Ford is subject to personal jurisdiction in the
2 | District.

## PARTIES

4      7.     Plaintiff Vincent Perrone is, and at all times relevant to this case has
5 | been, a resident of the County of Santa Clara, State of California. Plaintiff Vincent
6 | Perrone owns a 2002 Ford Explorer, which has a large crack in the rear tailgate.

7      8.     Plaintiff Charles Johnson is, and at all times relevant to this case has
8 | been, a resident of the County of Los Angeles, State of California. Plaintiff Charles
9 | Johnson owns a 2004 Mercury Mountaineer, which has a large crack in the rear
10 | tailgate.

11      9.     Plaintiff JAMES DENNING is, and at all times relevant to this case has
12 | been, a resident of the County of Los Angeles, State of California. Plaintiff JAMES
13 | DENNING owns a 2004 Ford Explorer, which has a large crack in the rear tailgate.

14      10.     Plaintiff Zane Dery is, and at all times relevant to this case has been, a
15 | resident of the County of Pinellas, State of Florida. Plaintiff Zane Dery owns a 2005
16 | Lincoln Aviator, which has a large crack in the rear tailgate.

17      11.     Plaintiffs Richard Douglas and Melia Douglas are, and at all times
18 | relevant to this case have been, residents of the County of Washita, State of
19 | Oklahoma. Plaintiffs Richard Douglas and Melia Douglas own a 2005 Mercury
20 | Mountaineer, which has a large crack in the rear tailgate.

21      12.     Plaintiff Thomas Bell is, and at all times relevant to this case has been, a
22 | resident of the County of Montgomery, State of Pennsylvania. Plaintiff Thomas Bell
23 | owns a 2004 Lincoln Aviator, which has a large crack in the rear tailgate.

24      13.     Plaintiff Michael Antramgarza is, and at all times relevant to this case
25 | has been, a resident of the County of Monroe, State of New York. Plaintiff Michael
26 | Antramgarza owns a 2004 Mercury Mountaineer, which has a large crack in the rear
27 | tailgate.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

14.     Ford is a corporation organized under the laws of the State of Delaware with its principal place of business in Dearborn, Michigan.

15.     The true names and capacities, whether individual, corporate, or otherwise, of Defendants DOES 1 through 10 are unknown to Plaintiffs, who therefore sue such Defendants by fictitious names, and Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

16.     Plaintiffs are informed and believe, and thereon allege, that all Defendants, including the DOE Defendants, are in some way responsible for the matters complained of herein.

## FACTUAL ALLEGATIONS

17.     Beginning with the 2002 model year, Ford significantly redesigned its four-door sports utility vehicle models known as the Ford Explorer and Mercury Mountaineer. This redesign, which was known internally to Ford as UN152, served as the basis for the 2002 to 2005 model years for the Ford Explorer and Mercury Mountaineer vehicles.

18.     The Lincoln Aviator, which Ford introduced in 2003, was also based on the UN152 design. The Ford Explorer and Mercury Mountaineer were redesigned again in 2006, while the Lincoln Aviator was discontinued after the 2005 model year. Plaintiffs are informed and believe, and thereon allege that the Ford Explorer, Mercury Mountaineer, and Lincoln Aviator are mechanically identical and share the same chassis.

19.     For the calendar years 2002 to 2005, Ford sold 1,386,086 Ford Explorers, 174,243 Mercury Mountaineers, and 70,890 Lincoln Aviators. In total, Ford sold approximately 1,600,000 Class Vehicles.

20.     The 2002 through 2005 model years of the Ford Explorer and Mercury Mountaineer, and 2003 through 2005 model years of the Lincoln Aviator, suffer from a defect that causes the rear tailgate of the vehicles to crack. The rear tailgates

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1  of the Class Vehicles were made of defective materials and were assembled using
2  deficient techniques.  As a result, the rear tailgates were defective at the moment of
3  sale and were substantially certain to result in malfunction during the useful life of
4  the Class Vehicles.

5      21.   Plaintiffs are informed and believe, and thereon allege, that Ford
6  received thousands of complaints about the defective tailgate, but failed to recall the
7  vehicles in question.

8      22.   Indeed, the National Highway Traffic Safety Administration has
9  received at least 337 unique complaints of tailgate cracks in 2002 through 2005 Ford
10 Explorers, as well as 65 complaints for the Mercury Mountaineer and twelve for the
11 Lincoln Aviator.  Some of these complaints note that the damaged tailgate results in
12 a safety risk, as the defect in the tailgate could potentially cause the tailgate's glass to
13 fall out.  The following are a few examples of the NHTSA complaints:

14        a.  "Ford Explorer, 2002.  Stress crack (about one eighth inch wide,
15            seven inches long) in frame below rear hatch window, to the left
16            of the ford name plate.  Crack occurred without any external force
17            being applied (no collision, not struck by foreign object, etc.).
18            The frame is simply not able to carry the weight of the glass
19            window.  Consequently, the rear glass window appears to be in
20            danger of falling out.  This is the identical problem as reported at
21            www.nhtsa.dot.gov in oid numbers: 10049180, 10052830,
22            10052901, 10053989, 10079762, 10104457, 10105660.  In each
23            case, neither the dealer nor Ford would fix the defective window
24            frame.  And likewise, they will not fix the one on my vehicle,
25            even though I have an extended warranty in effect.  An individual
26            in the body shop at my dealer said that he has recently seen about

27

28

5

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1    a dozen similar problems." (NHTSA Consumer Complaint, ODI

2    No. 10105716.)

3    b. "Rear lift gate panel below glass has developed a crack. This lift

4    gate has been recalled but dealer states the cracked panel is not

5    part of the recall. Two dealers have said this problem has

6    occurred in other vehicles. . . ." (NHTSA Consumer Complaint,

7    ODI No. 10110700.)

8    c. "A vertical crack on plastic covering of hatch cover. Starts at the

9    Lincoln medallion that is cut into the plastic piece and extends

10    vertically to bottom edge. I took it to a Lincoln dealer. Estimate

11    was $500 for a piece of plastic that measures approximately 12

12    inches high and the width of the hatch door. This is definitely a

13    design error on the part of Ford. The service manager told me

14    that he sees a lot of this same complaint and it is not covered by

15    Ford. A $42,500 automobile with a defect in design that results

16    in an unsightly split in plastic piece wanting an outrageous fee of

17    $500 to replace the piece. Do you think I will ever buy another

18    ford product. Not in this lifetime! Thanks Ford who always puts

19    quality first." (NHTSA Consumer Complaint, ODI No.

20    10261983.)

21    23.    Pursuant to the sale of the Class Vehicles, Ford provided an express

22    warranty on the Class Vehicles. Under the terms of this warranty, Ford warranted

23    that it would "repair, replace, or adjust all parts on your vehicle that are defective in

24    factory-supplied materials or workmanship." (*See, e.g.*, Ford 2004 Model Year

25    Warranty Guide, p. 5.)

26    24.    Ford is aware that the vehicles suffer from this defect, but has failed and

27    refused to recall the Class Vehicles, fix the Class Vehicles, or cover the cost of their

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\M000\194\PLD\perrone.complaint.FINAL.DOC

1  repair, in violation of its express warranty and implied warranties. In or about
2  October 2004, Ford acknowledged its awareness of the defective tailgates when it
3  issued a recall of 2002 and 2003 Ford Explorer and Mercury Mountaineer vehicles.
4  In that recall, Ford agreed to replace hinges on the tailgates, because "the liftgate
5  window may drop unexpectedly when it is being operated. When the window drops
6  it may a (sic) strike a person nearby or the glass may break creating the potential for
7  cuts or bruises." Thus, Ford acknowledged that a defect in the tailgate could cause
8  the window in the tailgate to drop out and hit an individual.

9       25.    On or about January 2004, Ford further acknowledged its awareness of
10  the defect when it issued Technical Service Bulletin 01/04 ("Liftgate Glass
11  Applique") with instructions for how to repair a cracked tailgate in the Class
12  Vehicles. In the TSB, Ford acknowledged that "[s]ome 2002/03 built Explorer's (sic)
13  either XLT or Limited may experience the rear Applique panel becoming damaged
14  cracked (sic) without glass damage. Previously the entire liftgate was to be replaced
15  but now only the applique needs servicing." The TSB is an admission by Ford of the
16  existence of the defect and its knowledge thereof. Given that Ford was aware of the
17  defect during the warranty period, Ford had a duty to disclose it.

18       26.    On December 12, 2005, Ford further acknowledged its awareness of the
19  defect when it issued Technical Service Bulletin 05-24-2 ("Body – Liftgate Glass
20  Appliqué Damaged/Cracked – Service Procedure") with instructions for how to
21  repair a cracked tailgate in the Class Vehicles. In the TSB, Ford acknowledged that
22  "[s]ome 2002-2005 Explorer/Mountaineer and 2003-2005 Aviator vehicles may
23  exhibit a damaged/cracked plastic appliqué without liftgate glass damage." The TSB
24  is an admission by Ford of the existence of the defect and its knowledge thereof.
25  Given that Ford was aware of the defect during the warranty period, Ford had a duty
26  to disclose it.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

27. Plaintiffs are informed and believe, and thereon allege that the values of all Class members' vehicles have declined due to the presence of the defect in the Class members' vehicles' tailgates.

### FRAUDULENT CONCEALMENT

28. Plaintiffs are informed and believe, and thereon allege, that Ford knew of the defect that caused the rear tailgate to crack prior to sale of the Class Vehicles to Class members.

29. Plaintiffs are informed and believe, and thereon allege, that at the time Ford sold the Class Vehicles, Ford's knowledge of the defect that caused the rear tailgate to crack was exclusive.

30. Plaintiffs are informed and believe, and thereon allege, that Ford concealed the existence of the defect that caused the rear tailgate to crack.

31. Plaintiffs are informed and believe, and thereon allege, that Ford concealed the existence of the defect with the intention of inducing Class members to purchase the Class Vehicles.

32. The absence of a defect in the tailgate was a material fact for Plaintiffs and the other Class members, who purchased the Class Vehicles. Plaintiffs and the other Class members would not have purchased the Class Vehicles had they known that the tailgate was defective.

33. Plaintiffs are informed and believe, and thereon allege, that Ford intentionally failed to warn of the known defect to induce Class members to purchase the Class Vehicles.

34. Plaintiffs and the other Class members justifiably relied on the absence of any warnings relating to defects in the tailgate in deciding that there were no defects in the tailgate.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

35. As a result of Ford's intentional concealment, Plaintiffs and the other Class members falsely believed the tailgates in the Class Vehicles were not defective and purchased the Class Vehicles.

36. As a result of Ford's intentional concealment and misrepresentation, any statutes of limitations applicable to the claims of Plaintiffs and the other Class members alleged herein are tolled.

## SPECIFIC ALLEGATIONS PERTAINING TO THE NAMED PLAINTIFFS

### PLAINTIFF VINCENT PERRONE

37. Plaintiff Vincent Perrone owns a 2002 Ford Explorer.

38. Plaintiff Vincent Perrone's 2002 Ford Explorer developed a crack in the rear tailgate of the vehicle, in the vicinity of the Ford emblem. Said defect was first discovered by Plaintiff Vincent Perrone in early 2011. Prior to the appearance of the crack, the glass window in the tailgate shattered.

39. As a result of the defect, the value of Plaintiff Vincent Perrone's vehicle has declined. The defective tailgate is also a safety risk as it could potentially cause the tailgate's glass to fall out.

40. Plaintiff Vincent Perrone requested that Ford repair the crack at its own expense, but Ford has refused to do so.

41. As a result of Ford's unwillingness to repair the defect at its own expense, Plaintiff Vincent Perrone will be forced to incur costs associated with the repair of the defect.

### PLAINTIFF CHARLES JOHNSON

42. Plaintiff Charles Johnson purchased his 2004 Mercury Mountaineer brand new from Safford Lincoln-Mercury in Silver Spring, Maryland.

43. Plaintiff Charles Johnson's 2004 Mercury Mountaineer developed a crack in the rear tailgate of the vehicle.

CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

44.   As a result of the defect, the value of Plaintiff Charles Johnson's vehicle has declined.  The defective tailgate is also a safety risk as it could potentially cause the tailgate's glass to fall out.

45.   In 2008 Plaintiff Charles Johnson requested that Ford repair the crack at its own expense, but Ford has refused to do so.

46.   As a result of Ford's unwillingness to repair the defect at its own expense, Plaintiff Charles Johnson will be forced to incur costs associated with the repair of the defect.

## PLAINTIFF JAMES DENNING

47.   Plaintiff JAMES DENNING purchased his 2004 Ford Explorer brand new from North County Ford in Escondido, California.

48.   Plaintiff JAMES DENNING 'S 2004 Ford Explorer developed a crack in the rear tailgate of the vehicle.

49.   As a result of the defect, the value of Plaintiff JAMES DENNING'S vehicle has declined.  The defective tailgate is also a safety risk as it could potentially cause the tailgate's glass to fall out.

50.   In July 2011 Plaintiff JAMES DENNING requested that Ford repair the crack at its own expense, but Ford has refused to do so.

51.   As a result of Ford's unwillingness to repair the defect at its own expense, Plaintiff JAMES DENNING will be forced to incur costs associated with the repair of the defect.

## PLAINTIFF ZANE DERY

52.   Plaintiff Zane Dery purchased his 2005 Lincoln Aviator in on May 24, 2008 from Scarritt Lincoln Mercury, located in Seminole, Florida.

53.   Plaintiff Zane Dery's 2005 Lincoln Aviator developed a crack in the rear tailgate of the vehicle.  Said defect was first discovered by Plaintiff Zane Dery in or about 2010.

10

CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA. 92660
(949) 221-1000

H:\M000\194\PLD\perrone.complaint.FINAL.DOC

54. As a result of the defect, the value of Plaintiff Zane Dery's vehicle has declined. The defective tailgate is also a safety risk as it could potentially cause the tailgate's glass to fall out.

55. Plaintiff Zane Dery requested that Ford repair the crack at its own expense, but Ford has refused to do so.

56. As a result of Ford's unwillingness to repair the defect at its own expense, Plaintiff Zane Dery will be forced to incur costs associated with the repair of the defect.

## PLAINTIFFS RICHARD DOUGLAS AND MELIA DOUGLAS

57. Plaintiffs Richard Douglas and Melia Douglas purchased their 2005 Mercury Mountaineer in 2008 from Jack Bowker Ford in Ponca City, Oklahoma.

58. Plaintiffs Richard Douglas and Melia Douglas's 2005 Mercury Mountaineer developed a crack in the rear tailgate of the vehicle. Said defect was first discovered by Plaintiffs Richard Douglas and Melia Douglas in early 2010.

59. As a result of the defect, the value of Plaintiffs Richard Douglas and Melia Douglas's vehicle has declined. The defective tailgate is also a safety risk as it could potentially cause the tailgate's glass to fall out.

60. Plaintiffs Richard Douglas and Melia Douglas requested that Ford repair the crack at its own expense, but Ford has refused to do so.

61. As a result of Ford's unwillingness to repair the defect at its own expense, Plaintiffs Richard Douglas and Melia Douglas will be forced to incur costs associated with the repair of the defect.

## PLAINTIFF THOMAS BELL

62. Plaintiff Thomas Bell owns a 2004 Lincoln Aviator he purchased from Murphy Lincoln, located in West Chester, Pennsylvania.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

63.    Plaintiff Thomas Bell's 2004 Lincoln Aviator developed a crack in the rear tailgate of the vehicle. Said defect was first discovered by Plaintiff Thomas Bell in or about 2011.

64.    As a result of the defect, the value of Plaintiff Thomas Bell's vehicle has declined. The defective tailgate is also a safety risk as it could potentially cause the tailgate's glass to fall out.

65.    Plaintiff Thomas Bell requested that Ford repair the crack at its own expense, but Ford has refused to do so.

66.    As a result of Ford's unwillingness to repair the defect at its own expense, Plaintiff Thomas Bell will be forced to incur costs associated with the repair of the defect.

### PLAINTIFF MICHAEL ANTRAMGARZA

67.    Plaintiff Michael Antramgarza purchased his 2004 Mercury Mountaineer brand new.

68.    Plaintiff Michael Antramgarza's 2004 Mercury Mountaineer developed a crack in the rear tailgate of the vehicle. Said defect was first discovered by Plaintiff Michael Antramgarza in or about 2010. Prior to discovering the crack, the glass in the rear tailgate shattered.

69.    As a result of the defect, the value of Plaintiff Michael Antramgarza's vehicle has declined. The defective tailgate is also a safety risk as it could potentially cause the tailgate's glass to fall out.

70.    Plaintiff Michael Antramgarza requested that Ford repair the crack at its own expense, but Ford has refused to do so.

71.    As a result of Ford's unwillingness to repair the defect at its own expense, Plaintiff Michael Antramgarza will be forced to incur costs associated with the repair of the defect.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000
CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

## CLASS ACTION ALLEGATIONS

72.   Plaintiffs bring this action on behalf of themselves and a class of persons defined as:  All individuals and entities residing in the United States of America who currently own or lease a 2002-2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator (hereinafter collectively referred to as "the Class Vehicles") and all individuals and entities residing in the United States of America who purchased, owned, or leased a 2002 through 2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator ("the Class").

73.   The Class includes the following Subclasses defined as:

   a.  All original owners or lessees in the United States of America of a 2002-2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator who have repaired or paid another individual or entity to repair a damaged rear tailgate of those automobiles (the "Original Owners Repaired Subclass");

   b.  All original owners or lessees in the United States of America of a 2002-2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator who have not yet repaired or paid another individual or entity to repair a damaged rear tailgate of those automobiles (the "Original Owners Not Repaired Subclass");

   c.  All subsequent owners or lessees in the United States of America of a 2002-2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator who have repaired or paid another individual or entity to repair a damaged rear tailgate of those automobiles (the "Subsequent Owners Repaired Subclass");

   d.  All subsequent owners or lessees in the United States of America of a 2002-2005 Ford Explorer or Mercury Mountaineer and/or a

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1    2003-2005 Lincoln Aviator who have not yet repaired or paid

2    another individual or entity to repair a damaged rear tailgate of

3    those automobiles (the "Subsequent Owners Not Repaired

4    Subclass");

5    e. All individuals and entities residing in the State of California who

6    currently own or lease a 2002-2005 Ford Explorer or Mercury

7    Mountaineer and/or a 2003-2005 Lincoln Aviator and all

8    individuals and entities residing in the State of California who

9    purchased, owned, or leased a 2002 through 2005 Ford Explorer

10   or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator

11   ("the California Subclass").

12   f. All individuals and entities residing in the State of Florida who

13   currently own or lease a 2002-2005 Ford Explorer or Mercury

14   Mountaineer and/or a 2003-2005 Lincoln Aviator and all

15   individuals and entities residing in the State of Florida who

16   purchased, owned, or leased a 2002 through 2005 Ford Explorer

17   or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator

18   ("the Florida Subclass").

19   g. All individuals and entities residing in the State of Oklahoma who

20   currently own or lease a 2002-2005 Ford Explorer or Mercury

21   Mountaineer and/or a 2003-2005 Lincoln Aviator (hereinafter

22   collectively referred to as "the Class Vehicles") and all

23   individuals and entities residing in the State of Oklahoma who

24   purchased, owned, or leased a 2002 through 2005 Ford Explorer

25   or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator

26   ("the Oklahoma Subclass").

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

14
CLASS ACTION COMPLAINT

h. All individuals and entities residing in the State of Pennsylvania who currently own or lease a 2002-2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator and all individuals and entities residing in the State of Pennsylvania who purchased, owned, or leased a 2002 through 2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator ("the Pennsylvania Subclass").

i. All individuals and entities residing in the State of New York who currently own or lease a 2002-2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator and all individuals and entities residing in the State of New York who purchased, owned, or leased a 2002 through 2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator ("the New York Subclass").

74. Excluded from the Class and Subclasses are (1) Ford Motor Company, any affiliate, parent, or subsidiary of Ford Motor Company, and entity in which Ford Motor Company has a controlling interest, any officer, director, or employee of Ford Motor Company, any successor or assign of Ford Motor Company; (2) Anyone employed by counsel for Plaintiffs in this action; (3) Any Judge to whom this case is assigned as well as his or her immediate family and staff; and (4) Anyone who purchased a 2002-2005 Ford Explorer or Mercury Mountaineer and/or a 2003-2005 Lincoln Aviator, in the State of California, for the purpose of resale.

75. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1

## NUMEROSITY

2          76.     Members of the Class and/or Subclasses are so numerous that their

3    individual joinder herein is impracticable.  Plaintiffs are informed and believe, and

4    thereon allege, that hundreds of thousands of the Class vehicles have been sold or

5    leased in the United States. Class members may be notified of the pendency of this

6    action by e-mail, mail, and supplemented (if deemed necessary or appropriate by the

7    Court) by published notice.

8

## PREDOMINANCE OF COMMON QUESTIONS

9          77.     Common questions of law and fact exist as to all members of the Class

10   and/or Subclasses and predominate over questions affecting only individual Class.

11   These common questions include the following:

12          a.  Whether the rear tailgate on the Class Vehicles is defective;

13          b.  Whether Ford has a duty to disclose the defect in the rear tailgate

14              to Plaintiffs and the other members of the Class;

15          c.  Whether Ford withheld facts concerning the defective rear

16              tailgate from Plaintiffs and the other members of the Class;

17          d.  Whether Ford failed to notify Plaintiffs and the other members of

18              the Class of its secret warranty program;

19          e.  Whether Ford engaged in unfair and fraudulent business practices

20              by concealing known defects in Class members' vehicles,

21              including the defect that caused the rear tailgate of the Class

22              members' vehicles to crack;

23          f.  Whether Ford breached its express warranty relating to the Class

24              members' vehicles;

25          g.  Whether Ford breached the implied warranty of merchantability;

26          h.  Whether Ford breached the implied warranty of fitness for a

27              particular purpose;

28

16

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

i. Whether Ford fraudulently concealed the condition of the Class members' vehicles from the Class members;

j. Whether Plaintiffs and the other members of the Class are entitled to damages and other monetary relief.

## TYPICALITY

78. Plaintiffs' claims are typical of the claims of the other members of the Class and/or Subclasses, because, among other things, Plaintiffs purchased vehicles with the same defective rear tailgate found in other vehicles.

## ADEQUACY

79. Plaintiffs are adequate Class and Subclass representatives because their interests do not conflict with the interests of the other members of the Class and/or Subclasses they seek to represent. Plaintiffs have retained competent counsel that are experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

## SUPERIORITY

80. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class and/or Subclass member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Ford economically feasible. Further, the number of individual actions would swamp courts across the country.

81. In addition to the burden and expense of managing myriad actions arising from the defect, individualized litigation presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

82. In the alternative, the Class and Subclasses may be certified because:

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA. 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

a. The prosecution of separate actions by the individual members of the Class and/or Subclasses would create a risk of inconsistent or varying adjudication with respect to individual Class and/or Subclass members which would establish incompatible standards of conduct for Ford;

b. The prosecution of separate actions by individual Class and/or Subclass members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class and/or Subclass members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Ford has acted or refused to act on grounds generally applicable to the Class and/or the Subclasses, thereby making appropriate final and injunctive relief with respect to the members of the Class and/or Subclasses as a whole.

## NATIONWIDE CLAIM ALLEGED

## FIRST CAUSE OF ACTION

### (Violation of Magnuson-Moss Warranty Act – Against All Defendants on Behalf of the Class and the Nationwide Subclasses)

83. Plaintiffs repeat, reallege, and incorporate each of the foregoing allegations as though set forth in full herein.

84. In connection with the sale of affected vehicles to Class members, Ford provided a written warranty and implied warranty for the vehicles.

85. The sale of the Class Vehicles was subject to the provisions and regulations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

86. Plaintiffs and the other Class members are "consumers" as defined by the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

87. Ford is a "supplier" and "warrantor" as defined by the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

88. The Class Vehicles are "consumer products" as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1) and were manufactured and sold after July 4, 1975.

89. The express warranty provided by Ford and/or required by statute to be provided by Ford is a "written warranty" as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6). The Class Vehicles' implied warranties are covered under 15 U.S.C. § 2301(7).

90. Plaintiffs are informed and believe and thereon allege that Ford breached the written warranty with regard to the Class Vehicles.

91. Plaintiffs are informed and believe and thereon allege that Ford breached the implied warranties with regard to the Class Vehicles.

92. Plaintiffs and the other Class members timely notified Ford of the breach of the warranties and attempted to resolve their claims through Ford's complaint procedures.

93. Privity is not required in this case because Plaintiffs and the other Class members are intended third-party beneficiaries of contracts between Ford and its dealers. Specifically, they are the intended beneficiaries of Ford's implied warranties. The dealers were not intended to be the ultimate consumers of the Class Vehicles and have no rights under the warranty agreements provided with the Class Vehicles. Moreover, the warranty agreements were designed for and intended to benefit the ultimate consumers only. Finally, privity is also not required because the Class Vehicles are dangerous instrumentalities due to the aforementioned defects and nonconformities.

94. Requiring an informal dispute settlement procedure, or affording Ford a reasonable opportunity to cure its breach of written warranties, would be unnecessary

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1  and futile. At the time of sale or lease of each Class Vehicle, Ford knew, should
2  have known, or was reckless in not knowing, of its misrepresentations concerning the
3  Class Vehicles' inability to perform as warranted, but nonetheless failed to rectify the
4  situation and/or disclose the defective design. Under the circumstances, the remedies
5  available under any informal settlement procedure would be inadequate and any
6  requirement – whether under the Magnuson-Moss Warranty Act or otherwise – that
7  Plaintiffs resort to an informal dispute resolution procedure and/or afford Ford a
8  reasonable opportunity to cure its breach of warranties is excused and thereby
9  deemed satisfied.

10      95.     Plaintiffs and the other Class members would suffer economic hardship
11  if they returned their vehicles but did not receive the return of all payments made by
12  them. Because Ford is refusing to acknowledge any revocation of acceptance and
13  return immediately any payments made, Plaintiffs and the other Class members have
14  not re-accepted their Class Vehicles by retaining them.

15      96.     Ford is in violation of the Magnuson-Moss Warranty Act by failing to
16  remedy the defective rear tailgate in the Class Vehicles within a reasonable time and
17  without charge.

18      97.     Ford is in violation of the Magnuson-Moss Warranty Act by failing to
19  permit the Class members to choose either a refund or replacement without charge,
20  after a reasonable number of repair attempts.

21      98.     Plaintiffs and the other Class members have been damaged as a result of
22  the wrongful conduct complained of herein. Said conduct continues and the harm or
23  risk of harm is ongoing.

24      99.     As a result of Ford's violations of the Magnuson-Moss Warranty Act,
25  Plaintiffs and the other Class members have suffered damages including but not
26  limited to repair costs, loss of use of the vehicle, substantial loss in value and resale
27  value of the vehicle, and other damages in an amount to be determined at trial.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA. 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

## CALIFORNIA LAW CLAIMS ALLEGED

## FIRST CAUSE OF ACTION

**(Unfair Competition under California Business and Professions Code Section 17200 – Against All Defendants on Behalf of the California Subclass)**

100.    Plaintiffs Vincent Perrone, Charles Johnson and James Denning repeat, reallege, and incorporate each of the foregoing allegations as though set forth in full herein.

101.    The California Unfair Business Practices Act defines unfair business competition to include any "unlawful," "unfair," or "fraudulent" business act or practice.

102.    As described herein, the rear tailgates of the Class Vehicles were made of defective materials and were assembled using inadequate techniques.  As a result, the rear tailgates were defective at the moment of sale and throughout the present day.

103.    Ford concealed the defect that caused the rear tailgate of the Class Vehicles to crack.  Ford also sold the Class Vehicles with knowledge of the defect that caused the rear tailgate of the Class Vehicles to crack.

104.    Ford's acts and practices described herein constitute unlawful business acts and practices within the meaning of the California Unfair Business Practices Act as Ford failed to disclose an adjustment program in violation of California Civil Code Section 1795.90, *et seq.*

105.    Ford's acts and practices described herein constitute unfair business acts and practices within the meaning of the California Unfair Business Practices Act as Ford's acts and practices herein described offend established public policy, and because the harm they cause to consumers outweighs any benefits associated with those practices.

CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

106. Ford's acts and practices described herein also constitute fraudulent business acts and practices within the meaning of the California Unfair Business Practices Act as Ford fraudulently concealed the defect in the tailgate from consumers.

107. Plaintiffs Vincent Perrone, Charles Johnson and James Denning are informed and believe, and thereon allege, that Ford concealed the existence of the defect with the intention of inducing the California Subclass members to purchase the Class Vehicles. This concealment was likely to deceive a reasonable consumer.

108. The absence of a defect in the tailgate that resulted in a crack in the tailgate as well as the danger of the tailgate glass falling out was a material fact for Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members, who purchased the Class Vehicles, in that they would not have purchased the Class Vehicles had this information been disclosed upon Ford's discovery of this information.

109. As a result of Ford's unfair and fraudulent business practices, Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members were deceived and purchased the Class Vehicles.

110. As a result of Ford's unfair and fraudulent business practices, Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members have been damaged in an amount to be proven at trial. Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members are further entitled to injunctive relief, restitution, and disgorgement of profits obtained by Ford as a result of its fraudulent and unfair business acts and practices.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

## SECOND CAUSE OF ACTION

### (Violation of California Civil Code Section 1795.92 – Against All Defendants on Behalf of the California Subclass)

111.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning repeat, reallege, and incorporate each of the foregoing allegations as though set forth in full herein.

112.   California Civil Code Section 1795.90, *et seq.*, sets forth what is commonly known as the Secret Warranty Law. California Civil Code Section 1795.92 requires notification by manufacturers to purchasers and lessees of their products of an "adjustment program."

113.   California Civil Code Section 1795.90 defines an "adjustment program" as a program where the original warranty is expanded or extended, or where a manufacturer offers to pay or reimburse for repairs to a condition affecting durability or reliability of a vehicle.

114.   As set forth herein, Ford issued at least two Technical Service Bulletins relating to the defective tailgates. Plaintiffs Vincent Perrone, Charles Johnson and James Denning are informed and believe, and thereon allege, that these Technical Services Bulletins were part of a program set forth by Ford where Ford's dealers would repair the defective tailgates free of charge only when certain undisclosed conditions were met. Plaintiffs Vincent Perrone, Charles Johnson and James Denning are informed and believe, and thereon allege, that this program expanded and/or extended the original warranty, and therefore constitutes an "adjustment program" within the meaning of California Civil Code Section 1795.90.

115.   As set forth herein, the defect on the tailgate affected the durability and reliability of the Class Vehicles, in that it caused the tailgate to crack and potentially affected other components of the Class Vehicles, such as the glass on the tailgate. Plaintiffs Vincent Perrone, Charles Johnson and James Denning are informed and

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1  believe, and thereon allege, that, in some situations, Ford agreed to pay or give

2  reimbursements for repairs to the tailgates. This practice constitutes an "adjustment

3  program" within the meaning of California Civil Code Section 1795.90.

4      116. As the manufacturer of the Class Vehicles, Ford had a duty to notify all

5  owners or lessees of the Class Vehicles eligible under the adjustment program

6  described above of the terms and conditions of the program within 90 days of the

7  program's implementation. Plaintiffs Vincent Perrone, Charles Johnson and James

8  Denning are informed and believe, and thereon allege, that Ford failed to provide this

9  required notification.

10      117. As the manufacturer of the Class Vehicles, Ford had a duty to notify the

11  California Department of Motor Vehicles and its own dealers of the terms and

12  conditions of the above-described adjustment program. Plaintiffs Vincent Perrone,

13  Charles Johnson and James Denning are informed and believe, and thereon allege,

14  that Ford failed to provide this required notification.

15      118. As the manufacturer of the Class Vehicles, Ford had a duty to ensure

16  that each California Subclass member who incurred an expense for repair of the

17  defective tailgate prior to acquiring knowledge of the program would be reimbursed.

18  Plaintiffs Vincent Perrone, Charles Johnson and James Denning are informed and

19  believe, and thereon allege, that Ford failed to provide this reimbursement.

20      119. As a result of the aforementioned conduct by Ford with regard to its

21  secret warranty, Plaintiffs Vincent Perrone, Charles Johnson and James Denning and

22  the other California Subclass members have suffered damages in an amount to be

23  proven at trial.

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

24

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1

## THIRD CAUSE OF ACTION

2

**(Breach of Express Warranty – Against All Defendants on Behalf of the**

3

**California Subclass)**

4      120.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning repeat,

5   reallege, and incorporate each of the foregoing allegations as though set forth in full

6   herein.

7      121.   Ford sold the Class Vehicles to Plaintiffs Vincent Perrone, Charles

8   Johnson and James Denning and the other California Subclass members.

9      122.   In conjunction with the sale of the Class Vehicles, Ford expressly

10   warranted that its dealers would repair or replace all components of the Class

11   Vehicles that were defective in factory-supplied materials or workmanship.

12      123.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning are

13   informed and believe, and thereon allege, that Ford breached its express warranty to

14   repair or replace all components of the Class Vehicles that were defective in factory-

15   supplied materials or workmanship by failing to perform such repairs or

16   replacements relating to the defective rear tailgate.

17      124.   As set forth herein, Plaintiffs Vincent Perrone, Charles Johnson and

18   James Denning are informed and believe, and thereon allege, that Ford actively

19   concealed the nature of the defective rear tailgate and sold the Class Vehicles with

20   knowledge of the defect.  Therefore, any limitations imposed by Ford as to the scope

21   of its obligations under the express warranty described herein are unconscionable,

22   both substantively and procedurally, and are unenforceable as a matter of law.  Any

23   such limitations or exclusions were imposed unilaterally by Ford in adhesion

24   contracts with no ability by California Subclass members to negotiate the terms of

25   any limitation of the express warranty.

26      125.   Furthermore, the express warranty described herein fails in its essential

27   purpose as the contractual remedy is insufficient to make California Subclass

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1  members whole, due to the fact that Ford has failed to adequately provide the

2  promised remedies within a reasonable time.

3        126.   Furthermore, as described herein, at the time that Ford sold the Class

4  Vehicles, it was aware of the defective rear tailgate.  As set forth herein, the rear

5  tailgates were defective at the moment of sale and were substantially certain to result

6  in malfunction during the useful life of the Class Vehicles.  Therefore, the defect

7  existed during the warranty period.

8        127.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the

9  other California Subclass members were induced to purchase the Class Vehicles

10  under false and/or fraudulent pretenses.  In these circumstances, any limitations

11  whatsoever precluding the recovery of incidental and/or consequential damages are

12  unenforceable pursuant to California Civil Code Section 1668.

13        128.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the

14  other California Subclass members timely notified Ford of the breach of the implied

15  warranty.

16        129.   As a result of Ford's breach of its express warranty, Plaintiffs Vincent

17  Perrone, Charles Johnson and James Denning and the other California Subclass

18  members have been damaged in an amount to be proven at trial.

19                    **FOURTH CAUSE OF ACTION**

20  **(Breach of Implied Warranty of Merchantability – Against All Defendants on**

21                **Behalf of the California Subclass)**

22        130.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning repeat,

23  reallege, and incorporate each of the foregoing allegations as though set forth in full

24  herein.

25        131.   Ford sold the Class Vehicles to Plaintiffs Vincent Perrone, Charles

26  Johnson and James Denning and the other California Subclass members.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

26

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1      132.  A warranty that the Class Vehicles were in merchantable condition and

2  fit for the purpose for which they were sold is implied by law.

3      133.  The Class Vehicles were not in merchantable condition and were not fit

4  for the ordinary purpose for which they were sold.

5      134.  Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the

6  other California Subclass members never contemplated that their vehicles would be

7  susceptible to rear tailgate cracking.  Plaintiffs Vincent Perrone, Charles Johnson and

8  James Denning and the other California Subclass members were led to believe that

9  the Class Vehicles would not only serve to provide basic transportation, but also that

10  the tailgate would also provide safe access to the rear portion of the Class Vehicles.

11      135.  Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the

12  other California Subclass members timely notified Ford of the breach of the implied

13  warranty.

14      136.  Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the

15  other California Subclass members have had sufficient direct dealings with either

16  Ford or their agent dealerships to establish privity of contract between Plaintiffs

17  Vincent Perrone, Charles Johnson and James Denning, the other California Subclass

18  members, and Ford.  Notwithstanding the same, privity is not required in this case

19  because Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the

20  other California Subclass members are intended third-party beneficiaries of contracts

21  between Ford and its dealers; specifically, they are the intended beneficiaries of

22  Ford's implied warranties.

23      137.  As a result of Ford's breach of its implied warranty of merchantability,

24  Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other

25  California Subclass members have suffered damages including but not limited to

26  repair costs, loss of use of the vehicle, loss in value and resale value of the vehicle,

27  and other damages in an amount to be determined at trial.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1

## FIFTH CAUSE OF ACTION

2 ### (Breach of Implied Warranty of Fitness for a Particular Purpose

3 ### – Against All Defendants on Behalf of the California Subclass)

4        138.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning repeat,

5 reallege, and incorporate each of the foregoing allegations as though set forth in full

6 herein.

7        139.   Ford sold the Class Vehicles to Plaintiffs Vincent Perrone, Charles

8 Johnson and James Denning and the other California Subclass members.

9        140.   A warranty that the Class Vehicles were fit for the purpose for which

10 they were sold is implied by law.

11        141.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the

12 other California Subclass members never contemplated that their vehicles would be

13 susceptible to rear tailgate cracking. Plaintiffs Vincent Perrone, Charles Johnson and

14 James Denning and the other California Subclass members were led to believe that

15 the Class Vehicles would not only serve to provide basic transportation, but that the

16 tailgate would also provide safe access to the rear portion of the Class Vehicles.

17 Plaintiffs Vincent Perrone, Charles Johnson and James Denning are informed and

18 believe, and thereon allege, that Ford had reason to know of Plaintiffs Vincent

19 Perrone, Charles Johnson and James Denning and the other California Subclass

20 members' intended use of the Class Vehicles and that Plaintiffs Vincent Perrone,

21 Charles Johnson and James Denning and the other California Subclass members

22 were relying on Ford's skill to furnish goods suitable for that purpose.

23        142.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the

24 other California Subclass members relied on Ford's skill to furnish vehicles suitable

25 for that purpose.

26        143.   The Class Vehicles were not reasonably fit for purposes for which they

27 were sold.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

144. Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members timely notified Ford of the breach of the implied warranty.

145. Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members have had sufficient direct dealings with either Ford or their agent dealerships to establish privity of contract between Plaintiffs Vincent Perrone, Charles Johnson and James Denning, the other California Subclass members, and Ford. Notwithstanding the same, privity is not required in this case because Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members are intended third-party beneficiaries of contracts between Ford and its dealers; specifically, they are the intended beneficiaries of Ford's implied warranties.

146. As a result of Ford's breach of the implied warranty of fitness for a particular purpose, Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members have suffered damages including but not limited to repair costs, loss of use of the vehicle, loss in value and resale value of the vehicle, and other damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Negligence – Against all Defendants)

147. Plaintiffs Vincent Perrone, Charles Johnson and James Denning repeat, reallege, and incorporate each of the foregoing allegations as though set forth in full herein.

148. Ford, as manufacturer of the Class Vehicles, owed and owes Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members a duty to warn of known defects in the Class Vehicles and to recall the Class Vehicles after a defect became known.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

149.   The Class Vehicles all suffer from a defect which causes the rear tailgate to crack.

150.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning are informed and believe, and thereon allege, that Ford knew of the defect that caused the rear tailgate to crack prior to sale of the Class Vehicles to Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members.

151.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning are informed and believe, and thereon allege, that Ford failed to warn of the known defect that caused the rear tailgate to crack prior to sale of the Class Vehicles to Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members.

152.   Plaintiffs Vincent Perrone, Charles Johnson and James Denning are informed and believe, and thereon allege, that Ford failed to recall the Class Vehicles after the defect that caused the rear tailgate to crack became known.

153.   Ford failed to act as a reasonable person or entity would in failing to recall the Class Vehicles and warn of known defects in the Class Vehicles after the defect became known to Ford.

154.   As a result, Ford has breached its duty to warn of the known defect that caused the rear tailgate to crack and recall the Class Vehicles after the defect became known.

155.   As a result of Ford's breach of its duty to warn of the known defect that caused the rear tailgate to crack and recall the Class Vehicles after the defect became known, Plaintiffs Vincent Perrone, Charles Johnson and James Denning and the other California Subclass members have suffered damages in an amount to be proven at trial.

CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1    **FLORIDA LAW CLAIMS ALLEGED**

2    **FIRST CAUSE OF ACTION**

3    **(Violation of the Florida Deceptive and Unfair Trade Practices Act,**

4    **Fla. Stat. §§ 501.201-.213 -- Against All Defendants on Behalf of the**

5    **Florida Subclass)**

6    156.   Plaintiff Zane Dery repeats and realleges the allegations contained in

7    Paragraphs 1 through 99 inclusive, and incorporates the same as though set forth in

8    full herein.

9    157.   The Florida Deceptive and Unfair Trade Practices Act, Title XXXIII,

10   Chapter 501, Part II of the Florida Statutes was enacted to protect the consuming

11   public from those who engage in unfair methods of competition, or unconscionable,

12   deceptive, or unfair acts or practices in the conduct of any trade or commerce.

13   158.   As described herein, the rear tailgates of the Class Vehicles were made

14   of defective materials and were assembled using inadequate techniques.  As a result,

15   the rear tailgates were defective at the moment of sale and throughout the present

16   day.

17   159.   Ford concealed the defect that caused the rear tailgate of the Class

18   Vehicles to crack.  Ford also sold the Class Vehicles with knowledge of the defect

19   that caused the rear tailgate of the Class Vehicles to crack.

20   160.   Ford's acts and practices described herein constitute unfair business acts

21   and practices within the meaning of the Florida Deceptive and Unfair Trade Practices

22   Act as Ford's acts and practices herein described offend established public policy,

23   because the harm they cause to consumers outweighs any benefits associated with

24   those practices, and because Ford fraudulently concealed the defect in the tailgate

25   from consumers.

26   161.   Plaintiff Zane Dery is informed and believes, and thereon alleges, that

27   Ford concealed the existence of the defect with the intention of inducing the Florida

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1   Subclass members to purchase the Class Vehicles.  This concealment was likely to

2   deceive a reasonable consumer.

3        162.   The absence of a defect in the tailgate that resulted in a crack in the

4   tailgate as well as the danger of the tailgate glass falling out was a material fact for

5   Plaintiff Zane Dery and the other Florida Subclass members, who purchased the

6   Class Vehicles, in that they would not have purchased the Class Vehicles had this

7   information been disclosed upon Ford's discovery of this information.

8        163.   As a result of Ford's unfair business practices, Plaintiff Zane Dery and

9   the other Florida Subclass members were deceived and purchased the Class Vehicles.

10       164.   As a result of Ford's unfair business practices, Plaintiff Zane Dery and

11   the other Florida Subclass members have been damaged in an amount to be proven at

12   trial.  Plaintiff Zane Dery and the other Florida Subclass members are further entitled

13   to injunctive relief, restitution, and disgorgement of profits obtained by Ford as a

14   result of its fraudulent and unfair business acts and practices.

15                        **SECOND CAUSE OF ACTION**

16   **(Breach of Express Warranty, Fla. Stat. § 672.313 – Against All Defendants on**

17                        **Behalf of the Florida Subclass)**

18       165.   Plaintiffs Zane Dery repeats and re-alleges the allegations contained in

19   Paragraphs 1 through 99 and 156 through 164, inclusive, and incorporates the same

20   as though set forth in full herein.

21       166.   Ford sold the Class Vehicles to Plaintiff Zane Dery and the other Florida

22   Subclass members.

23       167.   In conjunction with the sale of the Class Vehicles, Ford expressly

24   warranted that its dealers would repair or replace all components of the Class

25   Vehicles that were defective in factory-supplied materials or workmanship.

26       168.   Plaintiff Zane Dery is informed and believes, and thereon alleges, that

27   Ford breached its express warranty to repair or replace all components of the Class

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1   Vehicles that were defective in factory-supplied materials or workmanship by failing
2   to perform such repairs or replacements relating to the defective rear tailgate.

3       169.   As set forth herein, Plaintiff Zane Dery is informed and believes, and
4   thereon alleges, that Ford actively concealed the nature of the defective rear tailgate
5   and sold the Class Vehicles with knowledge of the defect.  Therefore, any limitations
6   imposed by Ford as to the scope of its obligations under the express warranty
7   described herein are unconscionable, both substantively and procedurally, and are
8   unenforceable as a matter of law.  Any such limitations or exclusions were imposed
9   unilaterally by Ford in adhesion contracts with no ability by Florida Subclass
10  members to\negotiate the terms of any limitation of the express warranty.

11      170.   Furthermore, the express warranty described herein fails in its essential
12  purpose as the contractual remedy is insufficient to make Florida Subclass members
13  whole, due to the fact that Ford has failed to adequately provide the promised
14  remedies within a reasonable time.

15      171.   Furthermore, as described herein, at the time that Ford sold the Class
16  Vehicles, it was aware of the defective rear tailgate.  As set forth herein, the rear
17  tailgates were defective at the moment of sale and were substantially certain to result
18  in malfunction during the useful life of the Class Vehicles.  Therefore, the defect
19  existed during the warranty period.

20      172.   Plaintiff Zane Dery and the other Florida Subclass members were
21  induced to purchase the Class Vehicles under false and/or fraudulent pretenses.

22      173.   Plaintiff Zane Dery and the other Florida Subclass members timely
23  notified Ford of the breach of the express warranty.

24      174.   As a result of Ford's breach of its express warranty, Plaintiff Zane Dery
25  and the other Florida Subclass members have been damaged in an amount to be
26  proven at trial.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

## THIRD CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability, Fla. Stat. § 672.314 – Against All Defendants on Behalf of the Florida Subclass)**

175.   Plaintiff Zane Dery repeats and re-alleges the allegations contained in Paragraphs 1 through 99 and 156 through 174, inclusive, and incorporate the same as though set forth in full herein.

176.   Ford sold the Class Vehicles to Plaintiff Zane Dery and the other Florida Subclass members.

177.   A warranty that the Class Vehicles were in merchantable condition and fit for the purpose for which they were sold is implied by law.

178.   The Class Vehicles were not in merchantable condition and were not fit for the ordinary purpose for which they were sold.

179.   Plaintiff Zane Dery and the other Florida Subclass members never contemplated that their vehicles would be susceptible to rear tailgate cracking. Plaintiff Zane Dery and the other Florida Subclass members were led to believe that the Class Vehicles would not only serve to provide basic transportation, but also that the tailgate would also provide safe access to the rear portion of the Class Vehicles.

180.   Plaintiff Zane Dery and the other Florida Subclass members timely notified Ford of the breach of the implied warranty.

181.   Plaintiff Zane Dery and the other Florida Subclass members have had sufficient direct dealings with either Ford or their agent dealerships to establish privity of contract between Plaintiff Zane Dery, the other Florida Subclass members, and Ford.  Notwithstanding the same, privity is not required in this case because Plaintiff Zane Dery and the other Florida Subclass members are intended third-party beneficiaries of contracts between Ford and its dealers; specifically, they are the intended beneficiaries of Ford's implied warranties.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

182. As a result of Ford's breach of its implied warranty of merchantability, Plaintiff Zane Dery and the other Florida Subclass members have suffered damages including but not limited to repair costs, loss of use of the vehicle, loss in value and resale value of the vehicle, and other damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty of Fitness for a Particular Purpose, Fla. Stat.**
**§ 672.315 – Against All Defendants on Behalf of the Florida Subclass)**

183. Plaintiff Zane Dery repeats and re-alleges the allegations contained in Paragraphs 1 through 99 and 156 through 182, inclusive, and incorporate the same as though set forth in full herein.

184. Ford sold the Class Vehicles to Plaintiff Zane Dery and the other Florida Subclass members.

185. A warranty that the Class Vehicles were fit for the purpose for which they were sold is implied by law.

186. Plaintiff Zane Dery and the other Florida Subclass members never contemplated that their vehicles would be susceptible to rear tailgate cracking. Plaintiff Zane Dery and the other Florida Subclass members were led to believe that the Class Vehicles would not only serve to provide basic transportation, but that the tailgate would also provide safe access to the rear portion of the Class Vehicles. Plaintiff Zane Dery is informed and believes, and thereon alleges, that Ford had reason to know of Plaintiff Zane Dery and the other Florida Subclass members' intended use of the Class Vehicles and that Plaintiff Zane Dery and the other Florida Subclass members were relying on Ford's skill to furnish goods suitable for that purpose.

187. Plaintiff Zane Dery and the other Florida Subclass members relied on Ford's skill to furnish vehicles suitable for that purpose.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1    188.   The Class Vehicles were not reasonably fit for purposes for which they
2 were sold.

3    189.   Plaintiff Zane Dery and the other Florida Subclass members timely
4 notified Ford of the breach of the implied warranty.

5    190.   Plaintiff Zane Dery and the other Florida Subclass members have had
6 sufficient direct dealings with either Ford or their agent dealerships to establish
7 privity of contract between Plaintiff Zane Dery, the other Florida Subclass members,
8 and Ford. Notwithstanding the same, privity is not required in this case because
9 Plaintiff Zane Dery and the other Florida Subclass members are intended third-party
10 beneficiaries of contracts between Ford and its dealers; specifically, they are the
11 intended beneficiaries of Ford's implied warranties.

12    191.   As a result of Ford's breach of the implied warranty of fitness for a
13 particular purpose, Plaintiff Zane Dery and the other Florida Subclass members have
14 suffered damages including but not limited to repair costs, loss of use of the vehicle,
15 loss in value and resale value of the vehicle, and other damages in an amount to be
16 determined at trial.

17             **FIFTH CAUSE OF ACTION**
18          **(Negligence – Against all Defendants)**

19    192.   Plaintiff Zane Dery repeats and re-alleges the allegations contained in
20 Paragraphs 1 through 99 and 156 through 191, inclusive, and incorporate the same as
21 though set forth in full herein.

22    193.   Ford, as manufacturer of the Class Vehicles, owed and owes Plaintiff
23 Zane Dery and the other Florida Subclass members a duty to warn of known defects
24 in the Class Vehicles and to recall the Class Vehicles after a defect became known.

25    194.   The Class Vehicles all suffer from a defect which causes the rear
26 tailgate to crack.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\M000\194\PLD\perrone.complaint.FINAL.DOC

195. Plaintiff Zane Dery is informed and believes, and thereon alleges, that Ford knew of the defect that caused the rear tailgate to crack prior to sale of the Class Vehicles to Plaintiff Zane Dery and the other Florida Subclass members.

196. Plaintiff Zane Dery is informed and believes, and thereon alleges, that Ford failed to warn of the known defect that caused the rear tailgate to crack prior to sale of the Class Vehicles to Plaintiff Zane Dery and the other Florida Subclass members.

197. Plaintiff Zane Dery is informed and believes, and thereon alleges, that Ford failed to recall the Class Vehicles after the defect that caused the rear tailgate to crack became known.

198. Ford failed to act as a reasonable person or entity would in failing to recall the Class Vehicles and warn of known defects in the Class Vehicles after the defect became known to Ford.

199. As a result, Ford has breached its duty to warn of the known defect that caused the rear tailgate to crack and recall the Class Vehicles after the defect became known.

200. As a result of Ford's breach of its duty to warn of the known defect that caused the rear tailgate to crack and recall the Class Vehicles after the defect became known, Plaintiff Zane Dery and the other Florida Subclass members have suffered damages in an amount to be proven at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

1

## NEW YORK LAW CLAIMS ALLEGED

2

### FIRST CAUSE OF ACTION

3     **(Violation of the New York Consumer Protection From Deceptive Acts**

4     **And Practices Act, N.Y. Gen. Bus. § 349, *et seq.* – Against All Defendants on**

5     **Behalf of the New York Subclass)**

6          201.   Plaintiff Michael Antramgarza repeats and re-alleges the allegations

7     contained in Paragraphs 1 through 99, inclusive, and incorporates the same as though

8     set forth in full herein.

9          202.   The New York Consumer Protection Act, Chapter 20, Article 22-A, of

10    the Consolidated Laws of New York, prohibits deceptive acts or practices in the

11    conduct of any business, trade or commerce.  N.Y. Gen. Bus. § 349 provides that

12    "deceptive acts or practices in the conduct of any business, trade or commerce or in

13    the furnishing of any service in this state are hereby declared unlawful."

14         203.   The New York Consumer Protection Act, Chapter 20, Article 22-A, of

15    the Consolidated Laws of New York, prohibits false advertising in the conduct of

16    any business, trade or commerce.  N.Y. Gen. Bus. § 350-a provides that "[t]he term

17    'false advertising' means advertising, including labeling, of a commodity, or of the

18    kind, character, terms or conditions of any employment opportunity if such

19    advertising is misleading in a material respect."

20         204.   As described herein, the rear tailgates of the Class Vehicles were made

21    of defective materials and were assembled using inadequate techniques.  As a result,

22    the rear tailgates were defective at the moment of sale and throughout the present

23    day.

24         205.   Ford concealed the defect that caused the rear tailgate of the Class

25    Vehicles to crack.  Ford also sold the Class Vehicles with knowledge of the defect

26    that caused the rear tailgate of the Class Vehicles to crack.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

38
CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

206. Ford's acts and practices described herein constitute deceptive acts and practices and false advertising within the meaning of the New York Consumer Protection Act as Ford fraudulently concealed the defect in the tailgate from consumers.

207. Plaintiff Michael Antramgarza is informed and believes, and thereon alleges, that Ford concealed the existence of the defect with the intention of inducing the New York Subclass members to purchase the Class Vehicles. This concealment was likely to deceive a reasonable consumer.

208. The absence of a defect in the tailgate that resulted in a crack in the tailgate as well as the danger of the tailgate glass falling out was a material fact for Plaintiff Michael Antramgarza and the other New York Subclass members, who purchased the Class Vehicles, in that they would not have purchased the Class Vehicles had this information been disclosed upon Ford's discovery of this information.

209. As a result of Ford's deceptive business practices and false advertising, Plaintiff Michael Antramgarza and the other New York Subclass members were deceived and purchased the Class Vehicles.

210. As a result of Ford's deceptive business practices and false advertising, Plaintiff Michael Antramgarza and the other New York Subclass members have been damaged in an amount to be proven at trial. Plaintiff Michael Antramgarza and the other New York Subclass members are further entitled to injunctive relief, restitution, and disgorgement of profits obtained by Ford as a result of its fraudulent and unfair business acts and practices. Because Ford acted willfully or knowingly, Plaintiff and the other New York Subclass members are entitled to recover punitive damages.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

**SECOND CAUSE OF ACTION**

**(Breach of Express Warranty, N.Y. U.C.C. § 2-313 – Against All Defendants on Behalf of the New York Subclass)**

211.   Plaintiff Michael Antramgarza repeats and re-alleges the allegations contained in Paragraphs 1 through 99 and 201 through 210, inclusive, and incorporates the same as though set forth in full herein.

212.   Ford sold the Class Vehicles to Plaintiff Michael Antramgarza and the other New York Subclass members.

213.   In conjunction with the sale of the Class Vehicles, Ford expressly warranted that its dealers would repair or replace all components of the Class Vehicles that were defective in factory-supplied materials or workmanship.

214.   Plaintiff Michael Antramgarza is informed and believes, and thereon alleges, that Ford breached its express warranty to repair or replace all components of the Class Vehicles that were defective in factory-supplied materials or workmanship by failing to perform such repairs or replacements relating to the defective rear tailgate.

215.   As set forth herein, Plaintiff Michael Antramgarza is informed and believes, and thereon alleges, that Ford actively concealed the nature of the defective rear tailgate and sold the Class Vehicles with knowledge of the defect.  Therefore, any limitations imposed by Ford as to the scope of its obligations under the express warranty described herein are unconscionable, both substantively and procedurally, and are unenforceable as a matter of law.  Any such limitations or exclusions were imposed unilaterally by Ford in adhesion contracts with no ability by New York Subclass members to negotiate the terms of any limitation of the express warranty.

216.   Furthermore, the express warranty described herein fails in its essential purpose as the contractual remedy is insufficient to make New York Subclass

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1 | members whole, due to the fact that Ford has failed to adequately provide the

2 | promised remedies within a reasonable time.

3 |     217. Furthermore, as described herein, at the time that Ford sold the Class

4 | Vehicles, it was aware of the defective rear tailgate. As set forth herein, the rear

5 | tailgates were defective at the moment of sale and were substantially certain to result

6 | in malfunction during the useful life of the Class Vehicles. Therefore, the defect

7 | existed during the warranty period.

8 |     218. Plaintiff Michael Antramgarza and the other New York Subclass

9 | members were induced to purchase the Class Vehicles under false and/or fraudulent

10 | pretenses.

11 |     219. Plaintiff Michael Antramgarza and the other New York Subclass

12 | members timely notified Ford of the breach of the express warranty.

13 |     220. As a result of Ford's breach of its express warranty, Plaintiff Michael

14 | Antramgarza and the other New York Subclass members have been damaged in an

15 | amount to be proven at trial.

16 | **THIRD CAUSE OF ACTION**

17 | **(Breach of Implied Warranty of Merchantability, N.Y. U.C.C. § 2-314 – Against**

18 | **All Defendants on Behalf of the New York Subclass)**

19 |     221. Plaintiff Michael Antramgarza repeats and re-alleges the allegations

20 | contained in Paragraphs 1 through 99 and 201 through 220, inclusive, and

21 | incorporate the same as though set forth in full herein.

22 |     222. Ford sold the Class Vehicles to Plaintiff Michael Antramgarza and the

23 | other New York Subclass members.

24 |     223. A warranty that the Class Vehicles were in merchantable condition and

25 | fit for the purpose for which they were sold is implied by law.

26 |     224. The Class Vehicles were not in merchantable condition and were not fit

27 | for the ordinary purpose for which they were sold.

28 |

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA. 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

225. Plaintiff Michael Antramgarza and the other New York Subclass members never contemplated that their vehicles would be susceptible to rear tailgate cracking. Plaintiff Michael Antramgarza and the other New York Subclass members were led to believe that the Class Vehicles would not only serve to provide basic transportation, but also that the tailgate would also provide safe access to the rear portion of the Class Vehicles.

226. Plaintiff Michael Antramgarza and the other New York Subclass members timely notified Ford of the breach of the implied warranty.

227. Plaintiff Michael Antramgarza and the other New York Subclass members have had sufficient direct dealings with either Ford or their agent dealerships to establish privity of contract between Plaintiff Michael Antramgarza, the other New York Subclass members, and Ford. Notwithstanding the same, privity is not required in this case because Plaintiff Michael Antramgarza and the other New York Subclass members are intended third-party beneficiaries of contracts between Ford and its dealers; specifically, they are the intended beneficiaries of Ford's implied warranties.

228. As a result of Ford's breach of its implied warranty of merchantability, Plaintiff Michael Antramgarza and the other New York Subclass members have suffered damages including but not limited to repair costs, loss of use of the vehicle, loss in value and resale value of the vehicle, and other damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**(Breach of Implied Warranty of Fitness for a Particular Purpose, N.Y. U.C.C.**
**§ 2-315 – Against All Defendants on Behalf of the New York Subclass)**

229. Plaintiff Michael Antramgarza repeats and re-alleges the allegations contained in Paragraphs 1 through 99 and 201 through 229, inclusive, and incorporate the same as though set forth in full herein.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1    230.   Ford sold the Class Vehicles to Plaintiff Michael Antramgarza and the
2  other New York Subclass members.

3    231.   A warranty that the Class Vehicles were fit for the purpose for which
4  they were sold is implied by law.

5    232.   Plaintiff Michael Antramgarza and the other New York Subclass
6  members never contemplated that their vehicles would be susceptible to rear tailgate
7  cracking.  Plaintiff Michael Antramgarza and the other New York Subclass members
8  were led to believe that the Class Vehicles would not only serve to provide basic
9  transportation, but that the tailgate would also provide safe access to the rear portion
10 of the Class Vehicles.  Plaintiff Michael Antramgarza is informed and believes, and
11 thereon alleges, that Ford had reason to know of Plaintiff Michael Antramgarza and
12 the other New York Subclass members' intended use of the Class Vehicles and that
13 Plaintiff Michael Antramgarza and the other New York Subclass members were
14 relying on Ford's skill to furnish goods suitable for that purpose.

15   233.   Plaintiff Michael Antramgarza and the other New York Subclass
16 members relied on Ford's skill to furnish vehicles suitable for that purpose.

17   234.   The Class Vehicles were not reasonably fit for purposes for which they
18 were sold.

19   235.   Plaintiff Michael Antramgarza and the other New York Subclass
20 members timely notified Ford of the breach of the implied warranty.

21   236.   Plaintiff Michael Antramgarza and the other New York Subclass
22 members have had sufficient direct dealings with either Ford or their agent
23 dealerships to establish privity of contract between Plaintiff Michael Antramgarza,
24 the other New York Subclass members, and Ford.  Notwithstanding the same, privity
25 is not required in this case because Plaintiff Michael Antramgarza and the other New
26 York Subclass members are intended third-party beneficiaries of contracts between

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1  Ford and its dealers; specifically, they are the intended beneficiaries of Ford's

2  implied warranties.

3      237.  As a result of Ford's breach of the implied warranty of fitness for a

4  particular purpose, Plaintiff Michael Antramgarza and the other New York Subclass

5  members have suffered damages including but not limited to repair costs, loss of use

6  of the vehicle, loss in value and resale value of the vehicle, and other damages in an

7  amount to be determined at trial.

8  **FIFTH CAUSE OF ACTION**

9  **(Negligence – Against all Defendants)**

10      238.  Plaintiff Michael Antramgarza repeats and re-alleges the allegations

11  contained in Paragraphs 1 through 99 and 201 through 237, inclusive, and

12  incorporate the same as though set forth in full herein.

13      239.  Ford, as manufacturer of the Class Vehicles, owed and owes Plaintiff

14  Michael Antramgarza and the other New York Subclass members a duty to warn of

15  known defects in the Class Vehicles and to recall the Class Vehicles after a defect

16  became known.

17      240.  The Class Vehicles all suffer from a defect which causes the rear

18  tailgate to crack.

19      241.  Plaintiff Michael Antramgarza is informed and believes, and thereon

20  alleges, that Ford knew of the defect that caused the rear tailgate to crack prior to sale

21  of the Class Vehicles to Plaintiff Michael Antramgarza and the other New York

22  Subclass members.

23      242.  Plaintiff Michael Antramgarza is informed and believes, and thereon

24  alleges, that Ford failed to warn of the known defect that caused the rear tailgate to

25  crack prior to sale of the Class Vehicles to Plaintiff Michael Antramgarza and the

26  other New York Subclass members.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

243.   Plaintiff Michael Antramgarza is informed and believes, and thereon alleges, that Ford failed to recall the Class Vehicles after the defect that caused the rear tailgate to crack became known.

244.   Ford failed to act as a reasonable person or entity would in failing to recall the Class Vehicles and warn of known defects in the Class Vehicles after the defect became known to Ford.

245.   As a result, Ford has breached its duty to warn of the known defect that caused the rear tailgate to crack and recall the Class Vehicles after the defect became known.

246.   As a result of Ford's breach of its duty to warn of the known defect that caused the rear tailgate to crack and recall the Class Vehicles after the defect became known, Plaintiff Michael Antramgarza and the other New York Subclass members have suffered damages in an amount to be proven at trial.

## OKLAHOMA LAW CLAIMS ALLEGED

## FIRST CAUSE OF ACTION

**(Violation of the Oklahoma Consumer Protection Act, 15 Okla. Stat. Ann. § 751,**

***et seq.* – Against All Defendants on Behalf of the Oklahoma Subclass)**

247.   Plaintiffs Richard Douglas and Melia Douglas repeat and re-allege the allegations contained in Paragraphs 1 through 99, inclusive, and incorporate the same as though set forth in full herein.

248.   As described herein, the rear tailgates of the Class Vehicles were made of defective materials and were assembled using inadequate techniques.  As a result, the rear tailgates were defective at the moment of sale and throughout the present day.

249.   Ford concealed the defect that caused the rear tailgate of the Class Vehicles to crack.  Ford also sold the Class Vehicles with knowledge of the defect that caused the rear tailgate of the Class Vehicles to crack.

CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

250.    Ford's acts and practices described herein constitute unlawful business acts and practices within the meaning of the Oklahoma Consumer Protection Act.

251.    Plaintiffs Richard Douglas and Melia Douglas are informed and believe, and thereon allege, that Ford concealed the existence of the defect with the intention of inducing the Oklahoma Subclass members to purchase the Class Vehicles. This concealment was likely to deceive a reasonable consumer.

252.    The absence of a defect in the tailgate that resulted in a crack in the tailgate as well as the danger of the tailgate glass falling out was a material fact for Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members, who purchased the Class Vehicles, in that they would not have purchased the Class Vehicles had this information been disclosed upon Ford's discovery of this information.

253.    As a result of Ford's unlawful business practices, Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members were deceived and purchased the Class Vehicles.

254.    As a result of Ford's unlawful business practices, Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members have been damaged in an amount to be proven at trial. Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members are further entitled to injunctive relief, restitution, and disgorgement of profits obtained by Ford as a result of its fraudulent and unfair business acts and practices.

## SECOND <u>CAUSE OF ACTION</u>

**(Violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. Ann.
§ 51, *et seq.* – Against All Defendants on Behalf of the Oklahoma Subclass)**

255.    Plaintiffs Richard Douglas and Melia Douglas repeat and re-allege the allegations contained in Paragraphs 1 through 99 and 247 through 255, inclusive, and incorporate the same as though set forth in full herein.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

256. As described herein, the rear tailgates of the Class Vehicles were made of defective materials and were assembled using inadequate techniques. As a result, the rear tailgates were defective at the moment of sale and throughout the present day.

257. Ford concealed the defect that caused the rear tailgate of the Class Vehicles to crack. Ford also sold the Class Vehicles with knowledge of the defect that caused the rear tailgate of the Class Vehicles to crack.

258. Ford's acts and practices described herein constitute deceptive trade practices within the meaning of the Oklahoma Consumer Protection Act, as Ford fraudulently concealed the defect in the tailgate from consumers.

259. Plaintiffs Richard Douglas and Melia Douglas are informed and believe, and thereon allege, that Ford concealed the existence of the defect with the intention of inducing the Oklahoma Subclass members to purchase the Class Vehicles. This concealment was likely to deceive a reasonable consumer.

260. The absence of a defect in the tailgate that resulted in a crack in the tailgate as well as the danger of the tailgate glass falling out was a material fact for Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members, who purchased the Class Vehicles, in that they would not have purchased the Class Vehicles had this information been disclosed upon Ford's discovery of this information.

261. As a result of Ford's deceptive business practices, Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members were deceived and purchased the Class Vehicles.

262. As a result of Ford's deceptive business practices, Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members have been damaged in an amount to be proven at trial. Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members are further entitled to injunctive

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1  relief, restitution, and disgorgement of profits obtained by Ford as a result of its

2  fraudulent and unfair business acts and practices.

### THIRD CAUSE OF ACTION

**(Breach of Express Warranty, 12A Okla. Stat. Ann. § 2-313 – Against All
Defendants on Behalf of the Oklahoma Subclass)**

6  263.  Plaintiffs Richard Douglas and Melia Douglas repeat and re-allege the

7  allegations contained in Paragraphs 1 through 99 and 247 through 262, inclusive, and

8  incorporate the same as though set forth in full herein.

9  264.  Ford sold the Class Vehicles to Plaintiffs Richard Douglas and Melia

10  Douglas and the other Oklahoma Subclass members.

11  265.  In conjunction with the sale of the Class Vehicles, Ford expressly

12  warranted that its dealers would repair or replace all components of the Class

13  Vehicles that were defective in factory-supplied materials or workmanship.

14  266.  Plaintiffs Richard Douglas and Melia Douglas are informed and believe,

15  and thereon allege, that Ford breached its express warranty to repair or replace all

16  components of the Class Vehicles that were defective in factory-supplied materials or

17  workmanship by failing to perform such repairs or replacements relating to the

18  defective rear tailgate.

19  267.  As set forth herein, Plaintiffs Richard Douglas and Melia Douglas are

20  informed and believe, and thereon allege, that Ford actively concealed the nature of

21  the defective rear tailgate and sold the Class Vehicles with knowledge of the defect.

22  Therefore, any limitations imposed by Ford as to the scope of its obligations under

23  the express warranty described herein are unconscionable, both substantively and

24  procedurally, and are unenforceable as a matter of law. Any such limitations or

25  exclusions were imposed unilaterally by Ford in adhesion contracts with no ability

26  by Oklahoma Subclass members to negotiate the terms of any limitation of the

27  express warranty.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

268. Furthermore, the express warranty described herein fails in its essential purpose as the contractual remedy is insufficient to make Oklahoma Subclass members whole, due to the fact that Ford has failed to adequately provide the promised remedies within a reasonable time.

269. Furthermore, as described herein, at the time that Ford sold the Class Vehicles, it was aware of the defective rear tailgate. As set forth herein, the rear tailgates were defective at the moment of sale and were substantially certain to result in malfunction during the useful life of the Class Vehicles. Therefore, the defect existed during the warranty period.

270. Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members were induced to purchase the Class Vehicles under false and/or fraudulent pretenses.

271. Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members timely notified Ford of the breach of the implied warranty.

272. As a result of Ford's breach of its express warranty, Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members have been damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Breach of Implied Warranty of Merchantability, 12A Okla. Stat. Ann. § 2-314**

**– Against All Defendants on Behalf of the Oklahoma Subclass)**

273. Plaintiffs Richard Douglas and Melia Douglas repeat and re-allege the allegations contained in Paragraphs 1 through 99 and 247 through 272, inclusive, and incorporate the same as though set forth in full herein.

274. Ford sold the Class Vehicles to Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members.

275. A warranty that the Class Vehicles were in merchantable condition and fit for the purpose for which they were sold is implied by law.

CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\M000\194\PLD\perrone.complaint.FINAL.DOC

1    276.  The Class Vehicles were not in merchantable condition and were not fit

2  for the ordinary purpose for which they were sold.

3    277.  Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma

4  Subclass members never contemplated that their vehicles would be susceptible to

5  rear tailgate cracking.  Plaintiffs Richard Douglas and Melia Douglas and the other

6  Oklahoma Subclass members were led to believe that the Class Vehicles would not

7  only serve to provide basic transportation, but also that the tailgate would also

8  provide safe access to the rear portion of the Class Vehicles.

9    278.  Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma

10  Subclass members timely notified Ford of the breach of the implied warranty.

11    279.  Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma

12  Subclass members have had sufficient direct dealings with either Ford or their agent

13  dealerships to establish privity of contract between Plaintiffs Richard Douglas and

14  Melia Douglas, the other Oklahoma Subclass members, and Ford.  Notwithstanding

15  the same, privity is not required in this case because Plaintiffs Richard Douglas and

16  Melia Douglas and the other Oklahoma Subclass members are intended third-party

17  beneficiaries of contracts between Ford and its dealers; specifically, they are the

18  intended beneficiaries of Ford's implied warranties.

19    280.  As a result of Ford's breach of its implied warranty of merchantability,

20  Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass

21  members have suffered damages including but not limited to repair costs, loss of use

22  of the vehicle, loss in value and resale value of the vehicle, and other damages in an

23  amount to be determined at trial.

24  / / /

25  / / /

26  / / /

27  / / /

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

# FIFTH CAUSE OF ACTION

**(Breach of Implied Warranty of Fitness for a Particular Purpose, 12A Okla. Stat. Ann. § 2-315 – Against All Defendants on Behalf of the Oklahoma Subclass)**

281.   Plaintiffs Richard Douglas and Melia Douglas repeat and re-allege the allegations contained in Paragraphs 1 through 99 and 247 through 280, inclusive, and incorporate the same as though set forth in full herein.

282.   Ford sold the Class Vehicles to Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members.

283.   A warranty that the Class Vehicles were fit for the purpose for which they were sold is implied by law.

284.   Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members never contemplated that their vehicles would be susceptible to rear tailgate cracking.  Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members were led to believe that the Class Vehicles would not only serve to provide basic transportation, but that the tailgate would also provide safe access to the rear portion of the Class Vehicles.  Plaintiffs Richard Douglas and Melia Douglas are informed and believe, and thereon allege, that Ford had reason to know of Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members' intended use of the Class Vehicles and that Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members were relying on Ford's skill to furnish goods suitable for that purpose.

285.   Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members relied on Ford's skill to furnish vehicles suitable for that purpose.

286.   The Class Vehicles were not reasonably fit for purposes for which they were sold.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

287.   Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members timely notified Ford of the breach of the implied warranty.

288.   Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members have had sufficient direct dealings with either Ford or their agent dealerships to establish privity of contract between Plaintiffs Richard Douglas and Melia Douglas, the other Oklahoma Subclass members, and Ford.  Notwithstanding the same, privity is not required in this case because Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members are intended third-party beneficiaries of contracts between Ford and its dealers; specifically, they are the intended beneficiaries of Ford's implied warranties.

289.   As a result of Ford's breach of the implied warranty of fitness for a particular purpose, Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members have suffered damages including but not limited to repair costs, loss of use of the vehicle, loss in value and resale value of the vehicle, and other damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Negligence – Against all Defendants)

290.   Plaintiffs Richard Douglas and Melia Douglas repeat and re-allege the allegations contained in Paragraphs 1 through 99 and 247 through 289, inclusive, and incorporate the same as though set forth in full herein.

291.   Ford, as manufacturer of the Class Vehicles, owed and owes Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members a duty to warn of known defects in the Class Vehicles and to recall the Class Vehicles after a defect became known.

292.   The Class Vehicles all suffer from a defect which causes the rear tailgate to crack.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

293. Plaintiffs Richard Douglas and Melia Douglas are informed and believe, and thereon allege, that Ford knew of the defect that caused the rear tailgate to crack prior to sale of the Class Vehicles to Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members.

294. Plaintiffs Richard Douglas and Melia Douglas are informed and believe, and thereon allege, that Ford failed to warn of the known defect that caused the rear tailgate to crack prior to sale of the Class Vehicles to Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members.

295. Plaintiffs Richard Douglas and Melia Douglas are informed and believe, and thereon allege, that Ford failed to recall the Class Vehicles after the defect that caused the rear tailgate to crack became known.

296. Ford failed to act as a reasonable person or entity would in failing to recall the Class Vehicles and warn of known defects in the Class Vehicles after the defect became known to Ford.

297. As a result, Ford has breached its duty to warn of the known defect that caused the rear tailgate to crack and recall the Class Vehicles after the defect became known.

298. As a result of Ford's breach of its duty to warn of the known defect that caused the rear tailgate to crack and recall the Class Vehicles after the defect became known, Plaintiffs Richard Douglas and Melia Douglas and the other Oklahoma Subclass members have suffered damages in an amount to be proven at trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

53
CLASS ACTION COMPLAINT
H:\4000\194\PLD\perrone.complaint.FINAL.DOC

# PENNSYLVANIA CLAIMS ALLEGED

# FIRST CAUSE OF ACTION

### (Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Pa. Stat. Ann. 201-1, *et seq.* – Against All Defendants on Behalf of the Pennsylvania Subclass)

299. Plaintiff Thomas Bell repeats and re-alleges the allegations contained in Paragraphs 1 through 99, inclusive, and incorporates the same as though set forth in full herein.

300. The Pennsylvania Unfair Trade Practices and Consumer Protection Law, Title 73, Chapter 4 of the Pennsylvania Statutes, prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

301. As described herein, the rear tailgates of the Class Vehicles were made of defective materials and were assembled using inadequate techniques. As a result, the rear tailgates were defective at the moment of sale and throughout the present day.

302. Ford concealed the defect that caused the rear tailgate of the Class Vehicles to crack. Ford also sold the Class Vehicles with knowledge of the defect that caused the rear tailgate of the Class Vehicles to crack.

303. Ford's acts and practices described herein constitute unfair and deceptive acts and practices within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law as Ford's acts and practices herein described offend established public policy, because the harm they cause to consumers outweighs any benefits associated with those practices, and because Ford fraudulently concealed the defect in the tailgate from consumers.

304. Plaintiff Thomas Bell is informed and believes, and thereon alleges, that Ford concealed the existence of the defect with the intention of inducing the

BREMER WHYTE BROWN &
O'MEARA LLP
23320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1 Pennsylvania Subclass members to purchase the Class Vehicles. This concealment
2 was likely to deceive a reasonable consumer.

3     305. The absence of a defect in the tailgate that resulted in a crack in the
4 tailgate as well as the danger of the tailgate glass falling out was a material fact for
5 Plaintiff Thomas Bell and the other Pennsylvania Subclass members, who purchased
6 the Class Vehicles, in that they would not have purchased the Class Vehicles had this
7 information been disclosed upon Ford's discovery of this information.

8     306. As a result of Ford's unfair and deceptive business practices, Plaintiff
9 Thomas Bell and the other Pennsylvania Subclass members were deceived and
10 purchased the Class Vehicles.

11     307. As a result of Ford's unfair and deceptive business practices, Plaintiff
12 Thomas Bell and the other Pennsylvania Subclass members have been damaged in an
13 amount to be proven at trial. Plaintiff Thomas Bell and the other Pennsylvania
14 Subclass members are further entitled to injunctive relief, restitution, and
15 disgorgement of profits obtained by Ford as a result of its fraudulent and unfair
16 business acts and practices.

17 **SECOND CAUSE OF ACTION**

18 **(Breach of Express Warranty, 13 Pa. Cons. Stat. Ann. § 2313 – Against All**
19 **Defendants on Behalf of the Pennsylvania Subclass)**

20     308. Plaintiff Thomas Bell repeats and re-alleges the allegations contained in
21 Paragraphs 1 through 99 and 299 through 307, inclusive, and incorporates the same
22 as though set forth in full herein.

23     309. Ford sold the Class Vehicles to Plaintiff Thomas Bell and the other
24 Pennsylvania Subclass members.

25     310. In conjunction with the sale of the Class Vehicles, Ford expressly
26 warranted that its dealers would repair or replace all components of the Class
27 Vehicles that were defective in factory-supplied materials or workmanship.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

311. Plaintiff Thomas Bell is informed and believes, and thereon alleges, that Ford breached its express warranty to repair or replace all components of the Class Vehicles that were defective in factory-supplied materials or workmanship by failing to perform such repairs or replacements relating to the defective rear tailgate.

312. As set forth herein, Plaintiff Thomas Bell is informed and believes, and thereon alleges, that Ford actively concealed the nature of the defective rear tailgate and sold the Class Vehicles with knowledge of the defect. Therefore, any limitations imposed by Ford as to the scope of its obligations under the express warranty described herein are unconscionable, both substantively and procedurally, and are unenforceable as a matter of law. Any such limitations or exclusions were imposed unilaterally by Ford in adhesion contracts with no ability by Pennsylvania Subclass members to negotiate the terms of any limitation of the express warranty.

313. Furthermore, the express warranty described herein fails in its essential purpose as the contractual remedy is insufficient to make Pennsylvania Subclass members whole, due to the fact that Ford has failed to adequately provide the promised remedies within a reasonable time.

314. Furthermore, as described herein, at the time that Ford sold the Class Vehicles, it was aware of the defective rear tailgate. As set forth herein, the rear tailgates were defective at the moment of sale and were substantially certain to result in malfunction during the useful life of the Class Vehicles. Therefore, the defect existed during the warranty period.

315. Plaintiff Thomas Bell and the other Pennsylvania Subclass members were induced to purchase the Class Vehicles under false and/or fraudulent pretenses.

316. Plaintiff Thomas Bell and the other Pennsylvania Subclass members timely notified Ford of the breach of the express warranty.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

317. As a result of Ford's breach of its express warranty, Plaintiff Thomas Bell and the other Pennsylvania Subclass members have been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability, 13 Pa. Cons. Stat. Ann. § 2314 – Against All Defendants on Behalf of the Pennsylvania Subclass)**

318. Plaintiff Thomas Bell repeats and re-alleges the allegations contained in Paragraphs 1 through 99 and 299 through 317, inclusive, and incorporate the same as though set forth in full herein.

319. Ford sold the Class Vehicles to Plaintiff Thomas Bell and the other Pennsylvania Subclass members.

320. A warranty that the Class Vehicles were in merchantable condition and fit for the purpose for which they were sold is implied by law.

321. The Class Vehicles were not in merchantable condition and were not fit for the ordinary purpose for which they were sold.

322. Plaintiff Thomas Bell and the other Pennsylvania Subclass members never contemplated that their vehicles would be susceptible to rear tailgate cracking. Plaintiff Thomas Bell and the other Pennsylvania Subclass members were led to believe that the Class Vehicles would not only serve to provide basic transportation, but also that the tailgate would also provide safe access to the rear portion of the Class Vehicles.

323. Plaintiff Thomas Bell and the other Pennsylvania Subclass members timely notified Ford of the breach of the implied warranty.

324. Plaintiff Thomas Bell and the other Pennsylvania Subclass members have had sufficient direct dealings with either Ford or their agent dealerships to establish privity of contract between Plaintiff Thomas Bell, the other Pennsylvania Subclass members, and Ford. Notwithstanding the same, privity is not required in

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1   this case because Plaintiff Thomas Bell and the other Pennsylvania Subclass

2   members are intended third-party beneficiaries of contracts between Ford and its

3   dealers; specifically, they are the intended beneficiaries of Ford's implied warranties.

4       325.   As a result of Ford's breach of its implied warranty of merchantability,

5   Plaintiff Thomas Bell and the other Pennsylvania Subclass members have suffered

6   damages including but not limited to repair costs, loss of use of the vehicle, loss in

7   value and resale value of the vehicle, and other damages in an amount to be

8   determined at trial.

9   **FOURTH CAUSE OF ACTION**

10   **(Breach of Implied Warranty of Fitness for a Particular Purpose, 13 Pa. Cons.**

11   **Stat. Ann. § 2315 – Against All Defendants on Behalf of the Pennsylvania**

12   **Subclass)**

13       326.   Plaintiff Thomas Bell repeats and re-alleges the allegations contained in

14   Paragraphs 1 through 99 and 299 through 325, inclusive, and incorporate the same as

15   though set forth in full herein.

16       327.   Ford sold the Class Vehicles to Plaintiff Thomas Bell and the other

17   Pennsylvania Subclass members.

18       328.   A warranty that the Class Vehicles were fit for the purpose for which

19   they were sold is implied by law.

20       329.   Plaintiff Thomas Bell and the other Pennsylvania Subclass members

21   never contemplated that their vehicles would be susceptible to rear tailgate cracking.

22   Plaintiff Thomas Bell and the other Pennsylvania Subclass members were led to

23   believe that the Class Vehicles would not only serve to provide basic transportation,

24   but that the tailgate would also provide safe access to the rear portion of the Class

25   Vehicles. Plaintiff Thomas Bell is informed and believes, and thereon alleges, that

26   Ford had reason to know of Plaintiff Thomas Bell and the other Pennsylvania

27   Subclass members' intended use of the Class Vehicles and that Plaintiff Thomas Bell

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

CLASS ACTION COMPLAINT

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1  and the other Pennsylvania Subclass members were relying on Ford's skill to furnish

2  goods suitable for that purpose.

3       330. Plaintiff Thomas Bell and the other Pennsylvania Subclass members

4  relied on Ford's skill to furnish vehicles suitable for that purpose.

5       331. The Class Vehicles were not reasonably fit for purposes for which they

6  were sold.

7       332. Plaintiff Thomas Bell and the other Pennsylvania Subclass members

8  timely notified Ford of the breach of the implied warranty.

9       333. Plaintiff Thomas Bell and the other Pennsylvania Subclass members

10  have had sufficient direct dealings with either Ford or their agent dealerships to

11  establish privity of contract between Plaintiff Thomas Bell, the other Pennsylvania

12  Subclass members, and Ford. Notwithstanding the same, privity is not required in

13  this case because Plaintiff Thomas Bell and the other Pennsylvania Subclass

14  members are intended third-party beneficiaries of contracts between Ford and its

15  dealers; specifically, they are the intended beneficiaries of Ford's implied warranties.

16       334. As a result of Ford's breach of the implied warranty of fitness for a

17  particular purpose, Plaintiff Thomas Bell and the other Pennsylvania Subclass

18  members have suffered damages including but not limited to repair costs, loss of use

19  of the vehicle, loss in value and resale value of the vehicle, and other damages in an

20  amount to be determined at trial.

21                   **FIFTH CAUSE OF ACTION**

22               **(Negligence – Against all Defendants)**

23       335. Plaintiff Thomas Bell repeats and re-alleges the allegations contained in

24  Paragraphs 1 through 99 and 299 through 335, inclusive, and incorporate the same as

25  though set forth in full herein.

26       336. Ford, as manufacturer of the Class Vehicles, owed and owes Plaintiff

27  Thomas Bell and the other Pennsylvania Subclass members a duty to warn of known

28

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1  defects in the Class Vehicles and to recall the Class Vehicles after a defect became

2  known.

3      337.  The Class Vehicles all suffer from a defect which causes the rear

4  tailgate to crack.

5      338.  Plaintiff Thomas Bell is informed and believes, and thereon alleges, that

6  Ford knew of the defect that caused the rear tailgate to crack prior to sale of the Class

7  Vehicles to Plaintiff Thomas Bell and the other Pennsylvania Subclass members.

8      339.  Plaintiff Thomas Bell is informed and believes, and thereon alleges, that

9  Ford failed to warn of the known defect that caused the rear tailgate to crack prior to

10  sale of the Class Vehicles to Plaintiff Thomas Bell and the other Pennsylvania

11  Subclass members.

12      340.  Plaintiff Thomas Bell is informed and believes, and thereon alleges, that

13  Ford failed to recall the Class Vehicles after the defect that caused the rear tailgate to

14  crack became known.

15      341.  Ford failed to act as a reasonable person or entity would in failing to

16  recall the Class Vehicles and warn of known defects in the Class Vehicles after the

17  defect became known to Ford.

18      342.  As a result, Ford has breached its duty to warn of the known defect that

19  caused the rear tailgate to crack and recall the Class Vehicles after the defect became

20  known.

21      343.  As a result of Ford's breach of its duty to warn of the known defect that

22  caused the rear tailgate to crack and recall the Class Vehicles after the defect became

23  known, Plaintiff Thomas Bell and the other Pennsylvania Subclass members have

24  suffered damages in an amount to be proven at trial.

25  ///

26  ///

27  ///

28

CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

**REQUEST FOR RELIEF**

1        **WHEREFORE,** Plaintiffs, on their own behalf and on behalf of the Class, pray for judgment as follows:

**ON ALL CAUSES OF ACTION:**

1.    For an order certifying the Class and appointing Plaintiffs and their counsel to represent the Class;

2.    For judgment against Ford in an amount to be proven at trial;

3.    For injunctive relief;

4.    For restitution;

5.    For pre-judgment and post-judgment interest in the maximum amount allowed by law;

6.    For attorney's fees and costs incurred by Plaintiffs as allowable by law; and

7.    For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

Dated: August 3, 2011

Keith G. Bremer
Alison K. Hurley
BREMER WHYTE BROWN O'MEARA, LLP
20320 S.W. Birch Street, Second Floor
Newport Beach, California 92660
Telephone:    (949) 221-1000
Facsimile:    (949) 221-1001
and
2116 Allston Way, Suite One
Berkeley, California 94704
Telephone:    (510) 540-4881
Facsimile:    (510) 540-4889
kbremer@bremerandwhyte.com
ahurley@bremerandwhyte.com

CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC

1

2 /s/ Adam J. Levitt
Adam J. Levitt
3 55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
4 Telephone: (312) 984-0000
5 Facsimile: (312) 984-0001
and
6 Symphony Towers
750 B Street, Suite 2770
7 San Diego, California 92101
Telephone: (619) 239-4599
8 Facsimile: (619) 234-4599
9 levitt@whafh.com

10

11 /s/ Thomas C. Jones
Thomas C. Jones
12 Grant L. Davis
Timothy C. Gaarder
13 DAVIS BETHUNE & JONES, LLC
1100 Main Street, Suite 2930
14 Kansas City, Missouri 64105
Telephone: (816) 421-1600
15 Facsimile: (816) 472-5972
16 tjones@dbjlaw.net
gdavis@dbjlaw.net
17 tgaarder@dbjlaw.net

18 Attorneys for Plaintiffs Vincent Perrone, Charles
Johnson, James Denning, Zane Dery, Richard
19 Douglas, Melia Douglas, Charles Johnson, Thomas
Bell, and Michael Antramgarza
20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\4000\194\PLD\perrone.complaint.FINAL.DOC